| | |
|---|---|
| **DAVID OPPENHEIMER,** | **CASE: 1:17-CV-00082-SJD** |
| **Plaintiff,** | **JUDGE SUSAN J. DLOTT** |
| **v.** | |
| **ROADTRIPPERS,INC., et al.** | **ANSWER TO COMPLAINT** |
| **Defendants.** | **JURY DEMAND ENDORSED HEREON** |

**JURISDICTION/VENUE**

1.      Roadtrippers, Inc. ("Roadtrippers"), James Fischer ("Fischer"), John Lauck ("Lauck"), Tatiana D. Parent ("Parent"), and Andrew Fickas ("Fickas")(Roadtrippers, Fischer, Lauck, Parent, and Fickas, collectively, "Defendants") are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 1 of the Complaint, and therefore deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 2 of the Complaint, and therefore deny the same.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 3 of the Complaint, and therefore deny the same.

4.      In response to paragraph 4 of the Complaint, Defendant Roadtrippers states that it is a Delaware corporation and maintains a web based software application and mobile app that helps travelers plan road trips and find points of interest while traveling in the United States and Canada. Further responding, Defendants deny the remaining allegations of said paragraph.

5.	In response to paragraph 5 of the Complaint, Defendant Fischer states that he is an individual residing in Hamilton County, OH and is the chief executive officer of Roadtrippers.  Further responding, Defendants deny the remaining allegations of said paragraph.

6.	In response to paragraph 6 of the Complaint, Defendant Lauck states that he is an individual residing in Hamilton County, OH and is a manager at Roadtrippers.  Further responding, Defendants deny the remaining allegations of said paragraph.

7.	In response to paragraph 7 of the Complaint, Defendant Parent states that she is an individual residing in Hamilton County, OH and is an employee of Roadtrippers.  Further responding, Defendants deny the remaining allegations of said paragraph.

8.	In response to paragraph 8 of the Complaint, Defendant Fickas states that he is an individual residing in Hamilton County, OH and is employed as a software developer for Roadtrippers.  Further responding, Defendants deny the remaining allegations of said paragraph.

## INTRODUCTORY FACTS

9.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 9 of the Complaint, and therefore deny the same.

10.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 10 of the Complaint, and therefore deny the same.

11.	Defendants deny the allegations and/or legal contentions of paragraph 11 of the Complaint.

12.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 12 of the Complaint, and therefore deny the same.

13.     Defendants deny the allegations and/or legal contentions of paragraph 13 of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 14 of the Complaint, and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 15 of the Complaint, and therefore deny the same.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 16 of the Complaint, and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 17 of the Complaint, and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal contentions of paragraph 18 of the Complaint, and therefore deny the same.

19.     Defendants deny the allegations and/or legal contentions of paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Defendant Roadtrippers states that it received a letter from Plaintiff and that it removed certain images from its website. Further responding, Defendants deny the remaining allegations of said paragraph.

21.     In response to paragraph 21 of the Complaint, Defendant Roadtrippers states that it received a letter from Plaintiff's counsel.  Further responding, Defendants deny the remaining allegations of said paragraph.

22.     Defendants deny the allegations and/or legal contentions of paragraph 22 of the Complaint.

## CAUSES OF ACTION

## COUNT I – COPYRIGHT INFRINGEMENT

23.     Defendants incorporate herein the admissions, denials and averments set forth in paragraphs 1-22 above as if completely rewritten herein.

24.     Defendants deny the allegations and/or legal contentions of paragraph 24 of the Complaint.

25.     Defendants deny the allegations and/or legal contentions of paragraph 25 of the Complaint.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26.     Defendants incorporate herein the admissions, denials and averments set forth in paragraphs 1-25 above as if completely rewritten herein.

27.     Defendants deny the allegations and/or legal contentions of paragraph 27 of the Complaint.

28.     Defendants deny the allegations and/or legal contentions of paragraph 28 of the Complaint.

29.      Defendants deny the allegations and/or legal contentions of paragraph 29 of the Complaint.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

30. Defendants incorporate herein the admissions, denials and averments set forth in paragraphs 1-29 above as if completely rewritten herein.

31. In response to paragraph 31 of the Complaint, Defendant Roadtrippers states that Fischer, Lauck, Parent and/or Fickas are each employees of Defendant Roadtrippers. Further responding, Defendants deny the remaining allegations of said paragraph.

32. Defendants deny the allegations and/or legal contentions of paragraph 32 of the Complaint.

33. Defendants deny the allegations and/or legal contentions of paragraph 33 of the Complaint.

34. Defendants deny the allegations and/or legal contentions of paragraph 34 of the Complaint.

## COUNT IV – VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

35. Defendants incorporate herein the admissions, denials and averments set forth in paragraphs 1-34 above as if completely rewritten herein.

36. Defendants deny the allegations and/or legal contentions of paragraph 36 of the Complaint.

37. Defendants deny the allegations and/or legal contentions of paragraph 37 of the Complaint.

38. Defendants deny the allegations and/or legal contentions of paragraph 38 of the Complaint.

39. Defendants deny the allegations and/or legal contentions of paragraph 39 of the Complaint.

40.     Defendants deny the allegations and/or legal contentions of paragraph 40 of the Complaint.

41.     Defendants deny the allegations and/or legal contentions of paragraph 41 of the Complaint.

**CAUSATION/DAMAGES**

42.     Defendants deny the allegations and/or legal contentions of paragraph 42 of the Complaint.

43.     Defendants deny the allegations and/or legal contentions of paragraph 43 of the Complaint.

44.     Defendants deny the allegations and/or legal contentions of paragraph 44 of the Complaint.

45.     Defendants deny the allegations and/or legal contentions of paragraph 45 of the Complaint.

46.     Defendants deny the allegations and/or legal contentions of paragraph 46 of the Complaint.

47.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 47 of the Complaint.

48.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 48 of the Complaint.

49.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 49 of the Complaint.

50.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 50 of the Complaint.

51.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 51 of the Complaint.

52.     Defendants that Plaintiff is entitled to the relief sought in paragraph 52 of the Complaint.

53.     The Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which Defendants did not specifically reply above or otherwise admit to be true herein.

## AFFIRMATIVE AND OTHER DEFENSES

54.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

55.     Plaintiff's claims are barred because either the Plaintiff failed to register the copyrights, or the registrations - if any - are fraudulent, invalid or otherwise unenforceable or void a*b initio.*

56.     Defendant's actions, as alleged by Plaintiff, do not constitute copyright infringement.

57.     Any use by Defendant of any images owned by Plaintiff, as alleged, was fair use.

58.     Plaintiff's claims are barred by and/or in violation of Civil Rule 11 and are otherwise frivolous.

59.     Plaintiff is barred from recovering statutory damages and attorney's fees under the Copyright Act. Plaintiff failed to register its copyright in the work allegedly infringed prior to commencement of the alleged infringement of the work, or, within three months of first publication.

60.     Plaintiff is barred from instituting or maintaining a cause of action for copyright infringement against the Defendants because Plaintiff does not own a valid copyright registration for the work allegedly infringed.

61.     Plaintiffs have failed to join necessary and/or indispensable parties to this action.

62.     Plaintiff's claims are barred by the doctrine of copyright misuse.

63.     Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to any Defendant.

64.     Any damages suffered by Plaintiff are the result of intentional and/or unforeseeable conduct of one or more third-parties, by reason of which recovery is barred.

65.     Any infringement of images by Defendant as alleged by Plaintiff was innocent pursuant to 17 U.S.C. § 504(c)(2).

66.     Infringement as alleged by Plaintiff falls under the Safe Harbor Provisions of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 512.

67.     Defendant did not download, copy, distribute and/or view Plaintiff's copyrighted material that is the subject of this complaint.

68.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

69.     Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct constitutes *de minimis* copying and innocent infringement.

70.     Plaintiff is barred, in whole or in part, from obtaining the relief sought in its claims by the doctrines of unclean hands, acquiescence, bad faith, laches, waiver, equitable estoppel, and/or unjust enrichment.

71.     Plaintiff has failed to mitigate or minimize its claimed damages.

72.     Defendants reserve the right to assert such other defenses as may become available or for which they become aware through the course of discovery.

WHEREFORE, Defendants respectfully request:

1.     That all of Plaintiff's requests for temporary and permanent injunctive relief or other equitable relief be denied;

2.     That all of Plaintiff's requests for damages, costs, and attorney's fees be denied;

3.     That all of Plaintiff's requests for delivery of materials be denied;

4.     That Plaintiff's action against Defendants and all claims be denied and be dismissed with prejudice;

5.     That Defendants be awarded all costs of defending this action, including reasonable attorney's fees; and

6.     That Defendants be awarded such other and further relief as this Court deems proper and just.

## JURY DEMAND

Defendants Roadtrippers, Inc., James Fischer, John Lauck, Tatiana D. Parent and Andrew Fickas hereby demand a trial by jury on any and all issues so triable.

Respectfully submitted,

/s/: Philip R. Bautista

Philip R. Bautista (0073272)
pbautista@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
(216) 241-2838
(216) 241-3707 (facsimile)

Russell S. Sayre (0047125)
sayre@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2017 a true and accurate copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent to all parties via operation of the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/:  Philip R. Bautista
Philip R. Bautista (0073272)

*One of the Attorneys for Defendants*

18858623